IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESLIE GRIFFITH, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 1:06CV01648 |
| PAUL BARNES, *et al.* | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CROSSCLAIM OF DEFENDANT MICHAEL BROWN
AGAINST DEFENDANTS PAUL BARNES ANS IREIS, LLC**

Defendant/Cross-Plaintiff Michael Brown ("Brown"), by his undersigned attorney, pursuant to Rule 13 of the Federal Rules of Civil Procedure, files this Crossclaim against Defendants Paul Barnes ("Barnes") and IREIS, LLC ("IREIS"), and in support thereof, alleges as follows:

**FACTS**

1. The Plaintiff has sued the Defendants and alleges that the Defendants, including Defendant Brown, engaged in a predatory scheme to take title to the Plaintiff's home and to "rob" the Plaintiff of the equity in her home through a fraudulent loan scheme.

2. Brown denies that he was involved in a predatory scheme to take title to the Plaintiff's home and to "rob" the Plaintiff of the equity in her home through a fraudulent loan scheme. Brown has never communicated with the Plaintiff, and until he was served with the complaint in this case, was unaware of the nature and extent of the relationship between the Plaintiff and Defendants Barnes and IREIS.

3. Brown was requested to purchase certain real property (which later turned out to be the Plaintiff's alleged home) by Defendants Barnes and IREIS because they allegedly could not purchase same because creditors would not give them a mortgage due to the fact that they had several mortgages in their name at the time. Defendants Barnes and IREIS offered to pay the mortgage if Brown obtained one for the purchase of the real property, and agreed to pay Brown a fee if he purchased the property ($5,000.00 when he purchased and sold the property).

4. Brown therefore agreed to purchase the property. At the time, Brown was totally unaware of the nature and extent of the relationship between the Plaintiff and Defendants Barnes and IREIS. After Brown purchased the real property, Defendants Barnes and IREIS failed to pay the mortgage for same as agreed. Brown therefore demanded that the real property be taken out of his name and that the mortgage in his name be paid in full. Defendants Barnes and IREIS made arrangements for Pamela Davis ("Davis") to purchase the real property from Brown and Brown sold the real property to Davis. Brown did not receive any funds from the sale. Defendants Barnes and IREIS did, however, pay the $5,000.00 fee referenced herein.

5. Defendants Barnes and IREIS had a duty and obligation to Brown to advise Brown of the nature and extent of their alleged relationship with the Plaintiff. Defendants Barnes and IREIS breached that duty by failing to disclose the nature and extent of their alleged relationship with the Plaintiff prior to entering into the agreement with Brown. Had Brown known and been aware of the alleged relationship between the Plaintiff and Defendants Barnes and IREIS, he would not have purchased the real property as requested by Defendants Barnes and IREIS.

## COUNT I

6. Defendant/Cross-Plaintiff Brown adopts and incorporates by reference the facts and matters contained in Paragraphs 1 through 5 above.

7. Defendants Paul Barnes and IREIS, LLC had a duty and obligation to advise Brown of the nature and extent of their alleged relationship with the Plaintiff.  Defendants Paul Barnes and IREIS, LLC falsely represented and/or failed to disclose the nature and extent of their relationship with the Plaintiff, and falsely stated the reasons why they were requesting Brown to purchase real property in his name.

8. Defendants Paul Barnes and IREIS, LLC made the representations knowing that they were false and/or recklessly without knowing if they were true.

9. Defendants Paul Barnes and IREIS, LLC made the representations with the intent to deceive Brown, and intentionally and/or recklessly failed to disclose the nature and extent of their relationship with the Plaintiff in an effort to convince Brown to purchase the real property.

10. Brown justifiably relied upon the representations and omissions of Defendants Paul Barnes and IREIS, LLC.

11. As a direct and proximate result of the actions of Defendants Paul Barnes and IREIS, LLC as alleged herein, Brown has sustained damages.

WHEREFORE, Defendant/Cross-Plaintiff Michael Brown demands a judgment by way of indemnification and/or contribution against Defendants Paul Barnes and IREIS, LLC in the amount of any judgment that might be entered against Defendant Michael Brown in favor of the Plaintiff, compensatory damages in the amount of $500,000.00, punitive damages in the amount of $1,000,000.00, plus the costs and expenses incurred by Defendant Michael Brown in this case (including attorneys' fees), and such other and further relief as the case may require.

## COUNT II

12. Defendant/Cross-Plaintiff Brown adopts and incorporates by reference the facts and matters contained in Paragraphs 1 through 11 above.

13. Defendants Paul Barnes and IREIS, LLC owed Brown a duty to accurately represent facts in connection with the agreements entered into between them, to disclose the nature and extent of their relationship with the Plaintiff, and to accurately represent the reasons why they were requesting Brown to purchase real property in his name.

14. Defendants Paul Barnes and IREIS, LLC breached that duty by negligently representing and/or negligently failing to disclose the nature and extent of their relationship with the Plaintiff, and negligently stating the reasons why they were requesting Brown to purchase real property in his name.

15. Defendants Paul Barnes and IREIS, LLC intended that Brown would act and rely upon the misrepresentations, and knew that Brown would probably rely on the misrepresentation, which if false, would cause damage to Brown.

16. Brown justifiably relied upon the representations and omissions of Defendants Paul Barnes and IREIS, LLC.

17. As a direct and proximate result of the actions of Defendants Paul Barnes and IREIS, LLC as alleged herein, Brown has sustained damages.

WHEREFORE, Defendant/Cross-Plaintiff Michael Brown demands a judgment by way of indemnification and/or contribution against Defendants Paul Barnes and IREIS, LLC in the amount of any judgment that might be entered against Defendant Michael Brown in favor of the Plaintiff, compensatory damages in the amount of $500,000.00, plus the costs and expenses incurred by Defendant Michael Brown in this case (including attorneys' fees), and such other and further relief as the case may require.

## COUNT III

18. Defendant/Cross-Plaintiff Brown adopts and incorporates by reference the facts and matters contained in Paragraphs 1 through 17 above.

19. Defendant Brown denies that the Plaintiff is entitled to recover anything from him in this action. However, should the Plaintiff secure a judgment against Brown, Brown is entitled to a judgment by way of indemnification and/or contribution against Defendants Barnes and IREIS in the amount of any judgment that might be entered against Brown if it is determined that Brown is liable to the Plaintiff and/or that the Plaintiff's injuries and damages were caused in whole or in part by Defendant Brown.

WHEREFORE, Defendant/Cross-Plaintiff Michael Brown demands a judgment by way of indemnification and/or contribution against Defendants Paul Barnes and IREIS, LLC in the amount of any judgment that might be entered against Defendant Michael Brown in favor of the Plaintiff, plus the costs and expenses incurred by Defendant Michael Brown in this case (including attorneys' fees), and such other and further relief as the case may require.

/S/
_____
CHARLES G. BYRD, JR.
Bar No. MD04388
Alston & Byrd
2518 Maryland Avenue
Baltimore, Maryland 21218
(410)235-7811

Attorney for Defendant
Michael Brown

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 10th day of November 2006, copies of the Crossclaim of Defendant Michael Brown against Defendants Paul Barnes and IREIS, LLC were mailed, first-class, postage prepaid to:

Andrew L. Sandler, Esquire
Keba Riley, Esquire
1440 New York Avenue, N.W.
Washington, D.C. 20005

Isabelle M. Thabault, Esquire
Robert M. Bruskin, Esquire
Washington Lawyer's Committee for
 Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036

Mr. Paul Barnes
12512 Woodsong Lane
Bowie, Maryland 20721

IREIS, LLC
12512 Woodsong Lane
Bowie, Maryland 20721

                                        /S/
                                  _____
                                  CHARLES G. BYRD, JR.