UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE GRIFFITH,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL BARNES, *et al.*,<br><br>    Defendants. | Case No:<br>1:06CV01648 (HHK) |

### AFFIDAVIT IN SUPPORT OF ENTRY OF DEFAULT OF DEFENDANT BARNES AND DEFENDANT IREIS, LLC

Keba U. Riley, being duly sworn, deposes and says:

1. I am one of the attorneys of record for Leslie Griffith, Plaintiff in the above-captioned action, and I have personal knowledge of the facts set forth in this declaration.

2. On September 25, 2006, Plaintiff commenced this action against Defendants Paul Barnes ("Barnes"), IREIS, LLC ("IREIS") and Michael Brown by filing a complaint in this Court.

3. Defendant Barnes is neither an infant nor an incompetent person. On information and belief, Defendant Barnes is not in the military.

4. Defendant IREIS is a limited liability company formed under the laws of the State of Maryland and is not an infant, in the military, or an incompetent person.

5. I attempted to have Defendants Barnes and IREIS served with a summons and Plaintiff's complaint in this matter on October 5, 2006 but later learned that

the service was unsuccessful. On November 16, 2006, Plaintiff, by and through counsel, filed a Consent Motion to Withdraw the Returns of Service/Affidavits as to Defendant Barnes and Defendant IREIS, which the Court granted.

6. On December 6, 2006, Defendant Barnes, individually, and as the Registered Agent for Defendant IREIS, was personally served with a summons, together with a copy of Plaintiff's complaint by a private process server. Service was made at 12224 Central Avenue, Mitchellville, Maryland 20721, a location at which Defendant Barnes agreed to meet the private process server. Copies of the Affidavit of Service as to Defendant Barnes and Affidavit of Service as to Defendant IREIS are attached hereto as Exhibits A and B, respectively, and are incorporated herein by reference.

7. Pursuant to Rule 12 of the Federal Civil Rules of Procedure, Defendants Barnes and IREIS each had twenty (20) days within which to file responsive pleadings. On December 26, 2006, the twenty-day period expired.

8. On December 6, 2006, along with the summons and Plaintiff's complaint, Defendants Barnes and IREIS were served with copies of each of the documents that had been filed in this matter through that date, including: the Praecipe noting my appearance in this matter; the Answer of Defendant Michael Brown; the Court's Order for Initial Scheduling Conference; the Cross-claim of Defendant Michael Brown against Defendants Barnes and IREIS; Plaintiff's Consent Motion to Withdraw the Returns of Service/Affidavits as to Defendants Barnes and IREIS and to Postpone the Scheduling Conference Set for December 18, 2006.

9. On December 22, 2006, I wrote a letter to Defendant Barnes requesting that Defendant Barnes or his attorney contact me to discuss this matter in advance of the scheduling conference, then scheduled to take place January 11, 2007.

10. On January 2, 2007, Defendant Barnes left a telephone message at my office indicating his desire to schedule a meeting to discuss this matter. On January 4, 2007, Defendant Barnes and I spoke by telephone, at which time I discussed with Defendant Barnes the fact that litigation had been commenced in this matter with the filing of Plaintiff's complaint.

11. On January 25, 2007, Defendant Barnes, accompanied by Henry M. Terrell, Esq. of Henry M. Terrell & Associates, PLLC, met with Robert Bruskin and I at my office to discuss this matter. Mr. Terrell, who was in possession of Plaintiff's complaint in this matter, indicated that he intended to represent Defendant Barnes solely for the purpose of discussing the possibility of settling this matter. On February 8, 2007, Mr. Terrell notified Plaintiff's counsel of his withdrawal from representing Defendant Barnes. Attorneys for Plaintiff have received no further communications from Defendants Barnes and IREIS regarding this matter.

12. Defendants Barnes and IREIS have failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or other response which they might have had, upon attorneys of record for Plaintiffs.

13. Defendants Barnes and IREIS are therefore in default.

14. This declaration is executed in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, for the purpose of enabling Plaintiff to obtain an entry

of default against Defendants Barnes and IREIS, for their failure to answer or otherwise defend as to the Plaintiff's complaint.

Dated: February 23, 2007
      Washington, D.C.

_Keba U. Riley_ (DC Bar No. 494993)
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7274

*Attorney for Plaintiff*

Sworn to before me this 23rd day of February 2007

_Heather L. Knight_
Notary Public

My Commission Expires: 6.14.09