IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE GRIFFITH | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 06-cv-01648 HHK |
| | : |
| PAUL BARNES, et al. | : |
| | : |
| Defendants | : |

**<u>VERIFIED AMENDED ANSWER OF
DEFENDANTS PAUL BARNES AND IREIS, LLC</u>**

COME NOW Defendants Paul Barnes and IREIS, LLC, by and through their counsel, Robert D. Lourie, William Joseph Selle, and O'Malley, Miles, Nylen & Gilmore, P.A. and for their verified, amended answer to the Complaint, state as follows:

<u>FIRST DEFENSE</u>

With respect to the individual allegations of the complaint:

1. Defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants had a contract with Plaintiff. Defendants deny the remainder of the allegations in paragraph 5 of the Complaint.

6. Defendants admit that the subject premises was transferred to Michael Brown and subsequently to Pamela Davis and denies the remainder of the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny any allegations in paragraph 8 of the Complaint.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

9. Defendants deny any factual allegations contained in paragraph 9 of the Complaint and deny the remainder of the allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint except that the correct address is 12516 Woodsong Lane, Bowie, Maryland 20721.

12. Defendants are unable to admit or deny the allegations in paragraph 12 of the Complaint and therefore deny the same.

13. Defendants admit the allegations in paragraph 13 of the Complaint except that the correct address is 12516 Woodsong Lane, Bowie, Maryland 20721.

14. Defendants admit that Plaintiff resides at 2619 Newton Street, N.E., Washington, D.C. Defendants are unable to admit or deny the remainder of the allegations in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are unable to admit or deny the allegations in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants admit that Plaintiff was behind in her mortgage payments as alleged in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff discussed her mortgage payment delinquency with Kelly Profit, who worked for Defendant at Keller Williams. Defendants are unable to admit or deny the remainder of the allegations in paragraph 14 of the Complaint and therefore deny the same.

18. Defendants admit that Defendant Barnes spoke with Plaintiff via telephone and that he met with her thereafter. Defendants deny the remainder of the allegations in paragraph 18 of the Complaint.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

19. Defendants admit that Defendant Barnes identified IREIS, LLC to Plaintiff and that she advised him that she was unemployed, and deny the remainder of the allegations in paragraph 19 of the Complaint.

20. Defendants admit there was an Agreement with Plaintiff, which document speaks for itself, and deny any further allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff executed documents including an Agreement, an Agreement to Sell Real Estate, and an Authorization to Release Information/Limited Power of Attorney and deny the remainder of the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants admit that Ms. Griffith signed a Special Power of Attorney and deny the remainder of the allegations in paragraph 25 of the Complaint.

26. Defendants admit that on December 28, 2004, the subject premises was transferred to Michael Brown, and that the deed evidencing the transfer of the premises recites that $250,000 was paid for the property. Defendants deny the remainder of the allegations in paragraph 26 of the Complaint.

27. Defendants admit that he has worked at the same real estate brokerage as Michael Brown. Defendants are unable to admit or deny the remainder of the allegations in paragraph 27 of the Complaint and therefore deny the same.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

29. Defendants admit that he gave Plaintiff a check for $25,000 on or about January 15, 2005.

30. Defendants admit that Defendant Barnes met with Plaintiff on or about March 9-10, 2005 and denies the remainder of the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants admit that Plaintiff did not and could not meet her monthly payment obligations. Defendants deny the remainder of the allegations in paragraph 32 of the Complaint.

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants admit that the Complaint set forth that Barnes and IREIS were the agent of Brown. Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36. Defendants admit the allegations in paragraph 36 of the Complaint.

37. Defendants admit that on November 4, 2005, Michael Brown executed a Deed transferring title of the subject premises to Pamela Davis and that the deed evidencing the transfer recites that $380,000 was paid for the property. Defendants deny the remainder of the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants admit that the Landlord Tenant Court action taken by Defendant IREIS was for the purpose of removing the Plaintiff from the premises after she failed and refused to pay any of the monthly payments to which she was obligated. Defendants are

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

unable to admit or deny the remainder of the allegations in paragraph 39 and therefore deny the same.

40. Defendants admit that after the filing of a motion to dismiss the Landlord Tenant court action, Defendants agreed to the dismissal of the court action on or about February 10, 2006, and deny the remainder of the allegations in paragraph 40 of the Complaint.

41. Defendants are unable to admit or deny the allegations in paragraph 41 of the Complaint and therefore deny the same.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants adopt and incorporate paragraphs 1-42 herein by reference.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny any factual allegations contained in paragraph 49 of the Complaint. The denoted statutes speak for themselves.

50. Defendants deny any factual allegations contained in paragraph 50 of the Complaint. The denoted statutes speak for themselves.

51. Defendants deny any factual allegations contained in paragraph 51 of the Complaint. The denoted statute speaks for itself.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants adopt and incorporate paragraphs 1-55 herein by reference.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants adopt and incorporate paragraphs 1-58 herein by reference.

60. Defendants admit that Michael Brown executed a deed conveying title to the subject premises as alleged in paragraph 60 of the Complaint.

61. Defendants admit that Pamela Davis paid consideration in the sum of three hundred eighty thousand dollars in exchange for Michael Brown conveying fee simple ownership of the subject premises as alleged in paragraph 61 of the Complaint, and further state that the property was titled to Michael Brown.

62. Defendants are unable to admit or deny the allegations in paragraph 62 of the Complaint and therefore deny the same.

63. Defendants admit that on September 22, 2005, Jonathan Windle, Esq. filed a Complaint for Possession of Real Estate in the Landlord Tenant Branch of the Civil Division of the Superior Court of the District of Columbia on behalf of the party identified as the Landlord in that action and deny the remainder of the allegations in paragraph 63 of the Complaint.

64. Defendants admit that on November 30, 2005, Jonathan Windle, Esq. amended the Landlord Tenant Complaint, which amendment speaks for itself.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

66. Defendants deny any factual allegations contained in paragraph 66 of the Complaint. The denoted statute speaks for itself.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants adopt and incorporate paragraphs 1-70 herein by reference.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants adopt and incorporate paragraphs 1-75 herein by reference.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants admit the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants adopt and incorporate paragraphs 1-86 herein by reference.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

88. Defendants admit that Plaintiff had fallen behind in her mortgage payments and would have lost her house to foreclosure. Defendants deny the remainder of the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants adopt and incorporate paragraph 1-94 herein by reference.

96. Defendants deny any factual allegations contained in paragraph 96. The denoted statute speaks for itself.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny any factual allegations contained in paragraph 99. The denoted statute speaks for itself.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny any factual allegations contained in paragraph 101. The denoted statute speaks for itself.

102. Defendants deny the allegations in paragraph 102 of the Complaint.

103. Defendants deny any factual allegations contained in paragraph 103. The denoted statute speaks for itself.

104. Defendants deny the allegations in paragraph 104 of the Complaint.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

105.     Defendants adopt and incorporate its responses to the allegations in the First through Sixth Causes of Action by reference as if set forth herein in full.

106.     Defendants deny the allegations in paragraph 106 of the Complaint.

107.     Defendants deny the allegations in paragraph 107 of the Complaint.

108.     Defendants deny the allegations in paragraph 108 of the Complaint.

109.     Defendants deny the allegations in paragraph 109 of the Complaint.

110.     Defendants deny the allegations in paragraph 110 of the Complaint.

111.     Defendants deny the allegations in paragraph 111 of the Complaint.

112.     Defendants deny the allegations in paragraph 112 of the Complaint.

113.     Defendants adopt and incorporate paragraphs 1-112 herein by reference.

114.     Defendants admit that Defendant Barnes, through the power of attorney, conveyed title to the subject premises and that the deed recording the sale recites that the consideration for the premises was $250,000 and denies the remainder of the allegations in paragraph 114.

115.     Defendants admit that Defendant Barnes and Michael Brown knew one another and worked at the same brokerage.   Defendants are unable to admit or deny the remainder of the allegations in paragraph 115 of the Complaint and therefore deny the same.

116.     Defendants deny the allegations in paragraph 116 of the Complaint.

117      Defendants deny the allegations in paragraph 117 of the Complaint.

118      Defendants deny the allegations in paragraph 118 of the Complaint.

119      Defendants deny the allegations in paragraph 119 of the Complaint.

120.     Defendants deny the allegations in paragraph 120 of the Complaint.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

121. Defendants adopt and incorporate paragraphs 1-120 herein by reference.

122. Defendants deny the allegations in paragraph 122 of the Complaint.

123. Defendants deny the allegations in paragraph 123 of the Complaint.

124. Defendants deny the allegations in paragraph 124 of the Complaint.

125. Defendants deny the allegations in paragraph 125 of the Complaint.

126. Defendants deny the allegations in paragraph 126 of the Complaint.

127. Defendants adopt and incorporate paragraph 1-126 herein by reference.

128. Defendants deny the allegations in paragraph 128 of the Complaint.

129. Defendants deny the allegations in paragraph 129 of the Complaint.

130. Defendants deny the allegations in paragraph 130 of the Complaint.

131. Defendants deny the allegations in paragraph 131 of the Complaint.

132. Defendants deny the allegations in paragraph 132 of the Complaint.

133. Defendants deny the allegations in paragraph 133 of the Complaint.

134. Defendants deny the allegations in paragraph 134 of the Complaint.

135. Defendants deny the allegations in paragraph 135 of the Complaint.

136. Defendants deny the allegations in paragraph 136 of the Complaint.

137. Defendants deny the allegations in paragraph 137 of the Complaint.

138. Defendants deny the allegations in paragraph 138 of the Complaint.

139. Defendants deny the allegations in paragraph 139 of the Complaint.

140. Defendants deny the allegations in paragraph 140 of the Complaint.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiff's Complaint is barred by the doctrines of estoppel, collateral estoppel and/or res judicata.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred because Plaintiff knowingly entered into a contract and cannot now complain regarding her knowing entry into that contract.

### EIGHTH DEFENSE

Plaintiff's Complaint is barred by Plaintiff's actions, including, but not limited to, her breach of contract.

### NINTH DEFENSE

Plaintiff's Complaint is barred by payment and release.

### TENTH DEFENSE

Plaintiff's Complaint is barred by accord and satisfaction.

### ELEVENTH DEFENSE

Plaintiff's Complaint is barred by the doctrines of contributory negligence and/or assumption of the risk.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

## TWELVTH DEFENSE

Defendants generally deny liability to Plaintiff and for such other and further defenses as may be discovered and/or amended hereto.

WHEREFORE, Defendants pray that this Honorable Court dismiss the Complaint or, alternatively, grant judgment in their favor and against the Plaintiff, deny Plaintiff any relief prayed in the Complaint, and order Plaintiff to pay for Defendants attorneys fees and costs of defending this action, and for such other and further relief as the Court deems just.

## VERIFICATION

I HEREBY DECLARE under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2007.

/s/ Paul Barnes

_____
Paul Barnes, Individually and on behalf of
IREIS, LLC


Respectfully submitted,

O'MALLEY, MILES, NYLEN & GILMORE, P.A.

/s/ Robert D. Lourie
Robert D. Lourie, MD 9593


/s/ William J. Selle
William J. Selle, D.C. Bar No. 396292
2007 Tidewater Colony Drive, Suite 2B
Annapolis, MD 21401
(410) 266-9500
rlourie@omng.com

Attorneys for Defendants Paul Barnes and
IREIS, LLC

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of March, 2007, a copy of the forgoing Verified Amended Answer of Defendants Paul Barnes and IREIS, LLC was filed electronically by operation of the Court's electronic filing system and served by U.S. mail to:

>Andrew L. Sandler, Esq.
>Keba U. Riley, Esq.
>1440 New York Avenue, N.W.
>Washington, D.C. 20005

>Isabelle M. Thabault, Esq.
>Robert M. Bruskin
>Washington Lawyer's Committee for
>  Civil Rights and Urban Affairs
>11 Dupont Circle, N.W., Suite 400
>Washington, D.C. 20036

>Charles Grant Byrd, Jr.
>Alston & Byrd
>2518 Maryland Avenue
>Baltimore, Maryland 21218

>/s/ William J. Selle
>William J. Selle

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522