Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE GRIFFITH,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL BARNES, *et al.*,<br><br>    Defendants. | Case No:<br>1:06CV01648 (HHK) |

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE ORDER OF DEFAULT

Keba U. Riley, being duly sworn, deposes and says:

1.  I am one of the attorneys of record for Leslie Griffith, Plaintiff in the above-captioned action, and I have personal knowledge of the facts set forth in this declaration.

2.  On September 25, 2006, Plaintiff commenced this action against Defendants Paul Barnes ("Barnes"), IREIS, LLC ("IREIS") and Michael Brown by filing a complaint in this Court.

3.  On December 6, 2006, Defendant Barnes, individually, and as the Registered Agent for Defendant IREIS, was personally served with a summons, together with a copy of Plaintiff's complaint by a private process server.

4.  On December 22, 2006, I wrote a letter to Defendant Barnes stating that a scheduling conference was set to be held with the Court on January 11, 2007 and informing him that all parties must meet no later than 21 days prior to the scheduling conference to confer regarding, amongst other things, the nature of the claims

and potential defenses, the possibility of a prompt settlement or resolution of the matter, as well as discovery. I requested that he or his attorney contact me.

5. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants had twenty (20) days to answer or otherwise respond to the complaint. FED. R. CIV. P. 12(a)(1)(A). That twenty-day period ended on December 26, 2006. Defendants Barnes and IREIS had failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or other response which they might have had, upon attorneys of record for Plaintiffs. Defendants Barnes and IREIS were therefore in default as of December 26, 2006.

6. Defendant Barnes left a telephone message for me on January 2, 2007, in which he indicated his desire to meet with me to resolve this matter. I responded by leaving a telephone message asking that, if he planned to be represented, he have his counsel contact me to schedule a meeting to discuss settlement and the claims and defenses at issue.

7. On January 4, 2007, Defendant Barnes and I spoke by telephone. During that call, Defendant Barnes indicated his desire to reach an out-of-court settlement of this matter. I suggested that he, and if he intended to retain counsel, his attorney, schedule a time to meet with Plaintiff's counsel at my office. On January 10, 2007, Defendant Barnes informed me that he had retained Henry M. Terrell, Esq. as counsel and that Mr. Terrell would be in contact with me to schedule a meeting.

8. On January 25, 2007, Defendant Barnes, Mr. Terrell, Robert Bruskin and I met at my office to discuss settling this matter. Mr. Terrell indicated that he

would serve as Defendant Barnes's counsel for the purpose of settlement negotiations only.

9. During the January 25, 2007 meeting, the parties agreed to schedule a follow-up meeting to take place between February 8-14, 2007. The same day, I offered several potential meeting dates during that time period in an email to Mr. Terrell. Mr. Terrell responded by stating that he would respond within ten days to schedule the follow-up meeting.

10. On February 5, 2007, in an email to Mr. Terrell, I requested that Mr. Terrell offer dates when he and Mr. Barnes might be available to meet. On February 6, 2007, Mr. Terrell and I spoke by telephone. Mr. Terrell reported having had difficulty contacting Defendant Barnes and indicated that he could not provide a definitive answer at that time about whether Barnes intended to continue discussing settlement or intended to hire litigation counsel. Mr. Terrell promised to call me the next day, or no later than by the end of the week, to give an indication of how Defendant Barnes planned to proceed.

11. On February 8, 2007, Mr. Terrell faxed a letter notifying me of his withdrawal from representing Defendant Barnes in this matter, including with regards to the "matters of negotiation initiated in your offices on Thursday, January 25, 2007." The letter indicated that Defendant Barnes was provided with a copy of the letter.

12. I received no further communications from Defendants Barnes and/or IREIS regarding this matter in the following weeks. I doubted that settlement discussions had been entered into in good faith. Nonetheless, it was clear that settlement discussions had ceased.

13. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, I filed an Affidavit in Support of Entry of Default of Defendant Barnes and Defendant IREIS, LLC on February 23, 2007. (Doc. 14).

14. The Clerk of the Court entered the Defendants' default on February 26, 2007.

15. Defendants, by and through counsel, filed the instant Motion to Vacate Order of Default on March 16, 2007. Defendant and his counsel, William J. Selle, Esq., appeared before the Court on March 19, 2007, the date on which the initial scheduling conference was set to be held.

16. On March 19, 2007, following the appearance before the Court, Mr. Selle indicated that Defendants were interested in discussing settlement. I invited Mr. Selle to schedule a meeting to take place within the following two weeks. On March 23, 2007, I sent an email to Mr. Selle offering a number of times during which two or more of Plaintiff's counsel were available to meet and indicating that Thursday, March 29, 2007 was the preferred date because each of Plaintiff's counsel would be available the morning of March 29th. Mr. Selle immediately responded indicating that he was available to meet the morning of March 29th and that he would confirm the meeting time with his client.

17. On Tuesday, March 27, 2007, in response to an email attempting to confirm the March 29th meeting, Mr. Selle responded by stating that he had "been unable to contact Mr. Barnes" and indicating that he would contact me regarding scheduling a meeting. I am still awaiting any effort by Defendants to schedule such a meeting.

Dated: March 30, 2007
      Washington, D.C.

                                            Keba U. Riley (DC Bar No. 494993)
                                            1440 New York Avenue, NW
                                            Washington, DC  20005
                                            Telephone:  (202) 371-7274

                                            *Attorney for Plaintiff*

Sworn to before me this 30th day of March 2007

_____
Notary Public

My Commission Expires: January 31, 2009