**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LESLIE GRIFFITH** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Case No.: 06-cv-01648 HHK** |
| : | |
| **PAUL BARNES, et al.** : | |
| : | |
| **Defendants** : | |

### DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES AND OPPOSITION TO DEFENDANTS' MOTION TO VACATE ORDER OF DEFAULT

Defendants Paul Barnes and IREIS, LLC, by and through their counsel, Robert D. Lourie, William Joseph Selle, and O'Malley, Miles, Nylen & Gilmore, P.A., present this Reply to Plaintiff's Opposition to Defendants' Motion to Vacate Order of Default as follows:

1.   Defendants Paul Barnes and IREIS, LLC were served in this matter on December 6, 2006.

2.   Settlement negotiations thereafter followed concerning a possible resolution of this matter. As detailed in the Defendant's Affidavit in Support of Motion to Vacate Order of Default, it was the understanding of the Defendants that so long as settlement negotiations continued, a responsive pleading need not be filed.

3.   Defendants diligently attempted to obtain counsel in this matter and were unable to finalize a retainer agreement with counsel until March 15, 2007. Thereafter, a Motion to Vacate Order of Default, along with an answer was filed in this action.

4.   The Motion to Vacate Order of Default sets forth sufficient grounds to have the Order of Default vacated and to have this matter proceed on a regular Scheduling Order.

O'MALLEY, MILES, NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

1

5.	Plaintiff contends that the Order of Default should not be vacated and cites the three-part test set forth in the case of <u>International Painters and Allied Trades Union and Industrial Pension Fund v. H. W. Ellis Painting Company, Inc.</u>, 288 F. Supp 2d 22 (2003).  The first test is whether the Defendants failed answer was willful.  There is absolutely no evidence in the record which will show that the Defendants' failure to file an answer was willful.  Defendants diligently attempted to secure counsel in this matter.  When they did, an Answer was promptly filed.  In addition, Defendants attempted to file an Answer in this matter prior to obtaining counsel.  The Answer was filed prior to the initial Scheduling Conference in this matter.

6.	Next, the Defendants' Answer sets forth meritorious defenses in this matter.  The Complaint sets forth numerous lending violations.  By Plaintiff's own pleadings, it is clear that this matter did not involve lending violations insomuch as the Plaintiff is not obligated on a loan to the Defendants or anyone.  Defendants paid the existing obligations of the Plaintiff when she faced foreclosure and the complete loss of the property.

7.	Certainly, there was no prejudice to the Plaintiff in this matter.  An Answer was filed before the Scheduling Conference.  The Court has set up a follow up Status Conference in this matter.  Plaintiff is residing and has resided in the subject property for a number of months without paying a mortgage and without paying rent.  Plaintiff has, in effect, had the best of both worlds insomuch as she has been able to live in the home without paying a mortgage or rent.

8.	The allegations set forth in the Affidavit of Plaintiff's counsel are also incorrect.  There was a meeting scheduled for this matter between the parties on March 26, 2007, which needed to be cancelled because of the unavailability of the Plaintiff.  There certainly is time to have follow up meetings in order to attempt to settle this matter.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

2

Plaintiff in no way has been prejudiced as claimed for Defendants failure to initiate discovery in this matter. There is nothing to prevent her from initiating discovery prior to this date. In addition, there has been no Scheduling Order setting any deadlines in this matter. That allegation is simply without merit.

9. Finally, Plaintiff's opposition is untimely. Defendants filed their Motion to Vacate Order of Default on March 16, 2007. It was served electronically. Plaintiff had eleven (11) days to respond which would have been on March 27, 2007. See Local Rule LCvR7(b). Her response was filed on March 30, 2007.

**WHEREFORE**, Defendants Paul Barnes and IREIS, LLC respectfully request:

1. That their Motion to Vacate Order of Default be granted.

Respectfully submitted,

O'MALLEY, MILES, NYLEN & GILMORE, P.A.

/s/ Robert D. Lourie
Robert D. Lourie, MD 9593
rlourie@omng.com

/s/ William J. Selle
William J. Selle, D.C. Bar No. 396292
2007 Tidewater Colony Drive, Suite 2B
Annapolis, MD 21401
(410) 266-9500
wselle@omng.com

Attorneys for Defendants Paul Barnes and IREIS, LLC

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of April, 2007, a copy of the forgoing Defendants' Reply to Plaintiff's Memorandum of Points and Authorities and Opposition to Defendants' Motion to Vacate Order of Default was filed electronically by operation of the Court's electronic filing system and served by U.S. mail to:

>Andrew L. Sandler, Esq.
>Keba U. Riley, Esq.
>1440 New York Avenue, N.W.
>Washington, D.C. 20005
>
>Isabelle M. Thabault, Esq.
>Robert M. Bruskin
>Washington Lawyer's Committee for
>   Civil Rights and Urban Affairs
>11 Dupont Circle, N.W., Suite 400
>Washington, D.C. 20036
>
>Charles Grant Byrd, Jr.
>Alston & Byrd
>2518 Maryland Avenue
>Baltimore, Maryland 21218

>/s/ William J. Selle
>William J. Selle

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

W:\clients\B\Barnes, Paul and IREIS, LLC\Pleadings\Reply to Plaintiff's Memo of Points.doc