IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
LESLIE GRIFFITH,                        )
                                        )          Case No:
                    Plaintiff,          )          1:06CV01648 (HHK)
                                        )
        v.                              )
                                        )
PAUL BARNES, *et al.*,                  )
                                        )
                    Defendants.         )
_____)

## REPORT OF THE PARTIES ON CASE MANAGEMENT CONFERENCE

On May 23, 2007, counsel for Plaintiff Leslie Griffith and counsel for

Defendants Paul Barnes ("Barnes") and IREIS, LLC ("IREIS") conferred pursuant to

Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3(c) of the Rules of

the United States District Court for the District of Columbia regarding the management

of this case.  This joint submission includes a brief statements of the case as required by

the Court's November 2, 2006 Order for Initial Scheduling Conference.  In addition, this

joint submission describes scheduling and discovery issues to which the parties have

agreed and sets forth the parties' positions concerning the scheduling and discovery issues

to which they have not agreed.  A proposed scheduling order is filed herewith.

## I.      STATEMENT OF THE CASE

        1.      Plaintiff's Statement

        Plaintiff contends that Defendants Barnes and IREIS took advantage of

Plaintiff's desperate financial circumstances and orchestrated a number of transactions

involving Plaintiff's home which resulted in Defendants Barnes and IREIS extracting the

majority of the equity in Plaintiff's home, which rightfully belong to Plaintiff, for themselves while stripping Plaintiff of title to her home.  As part of that undertaking, Defendants Barnes and/or IREIS offered Plaintiff what was, in essence, a loan at a usurious interest rate, in violation of D.C. Code § 28-3301, et seq.  Defendants Barnes and IREIS failed to provide disclosures relating to that loan to Plaintiff, actions which constitute violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(aa) and 1639 and 12 C.F.R. § 226, et seq., ("Regulation Z").

In addition, Plaintiff alleges that Defendants obtained Plaintiff's signature on various documents without advising Plaintiff as to the significance of the documents or the manner in which Defendants intended to use those documents. Plaintiff further alleges that Defendants used these documents to permanently deprive plaintiff of title to her home and the accumulated equity.  As more fully set forth in Plaintiff's complaint in this matter, the actions of Defendants Barnes and IREIS,  carried out with the assistance of other parties whom Defendant recruited, violated the District of Columbia's Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 et seq.  Further, Defendant Michael Brown, whom Defendants Barnes and IREIS recruited as part of their scheme to defraud Plaintiff and whom was represented in the Landlord Tenant Branch of the Superior Court of the District of Columbia as Plaintiff's landlord, transferred title to Plaintiff's home to another individual, Pamela Davis, without providing Plaintiff an opportunity to purchase her home as required under the District of Columbia's Tenant's Opportunity to Purchase Act, D.C. Code § 42-3404.1, et seq.  Finally, Plaintiff seeks redress under several common law causes of action to recover damages caused by (a)

Defendants Barnes's and/or IREIS's fraudulent inducements and misrepresentations in the formation of contracts, (b) Defendants Barnes's and IREIS's abuse of the trust that Ms. Griffith placed in them; (c) Defendants Barnes and/or IREIS having induced Ms. Griffith to enter into an unconscionable loan contract; and (d) Defendants Barnes's and/or IREIS's breach of their contract with Ms. Griffith.

    2.  Defendant's Statement

    Defendants IREIS LLC and Paul Barnes contend that they did not commit the wrongs alleged in the Complaint and did not violate the laws and regulations cited in the Complaint.

## II. STATEMENT OF AGREEMENT

1.  <u>Likelihood of Disposition by Dispositive Motion</u>: All parties agree that this case should be placed on the standard track (Track Two).  The parties agreed that it would be premature to seek disposition by dispositive motion before discovery.

2.  <u>Joinder, Amendments and Narrowing Issues</u>:  Plaintiff has advised Defendants that Plaintiff may seek to amend the complaint filed in this matter.  Plaintiff and Defendants have agreed that pleadings will be amended and additional parties will be joined, if needed, prior to the close of discovery and have proposed that any such amendment of the pleadings or joinder of additional parties occur no later than August 1, 2007.  However, Plaintiff reserves the right to seek to add parties after that date for good cause shown or with leave of the Court.

3.  <u>Assignment to Magistrate Judge</u>: Neither party consents to trial by a Magistrate Judge.

4.      <u>Possibility of settlement</u>: The parties have held settlement discussions but have been unable to resolve the matter.  The parties agree that it is not possible at this pre-discovery phase to determine whether there is a realistic possibility that this case will be settled.  However, Defendants believe that mediation would benefit the parties early in the process.

5.      <u>Alternative Dispute Resolution</u>: Plaintiff believes that alternative dispute resolution procedures will not enhance the likelihood of settlement at this time. Defendants believe that this case could benefit from alternative dispute resolution procedures and that mediation would benefit the parties early in the process.

6.      <u>Dates for Dispositive Motions</u>:  The parties agree that the deadline for filing all dispositive motions should be set for forty-five (45) days after the close of discovery. The parties further agree that dispositive motions will be fully briefed to allow for a ruling on such motions in advance of the pre-trial conference as required by LCvR 7(l).

7.      <u>Initial Disclosures</u>:  The parties have not reached an agreement regarding the exchange of initial disclosures.  Plaintiff proposes that the parties dispense with the initial disclosures provided for under Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendant proposes to exchange proposed witness lists only.  The Parties agree to abide by the Scheduling Order entered in this action no later than thirty (30) days following the entry of the Scheduling Order.

8.      <u>Discovery</u>: The parties reached agreement with regards to the scheduling of fact discovery, as reflected in the Joint Proposed Scheduling Order attached hereto.  The parties agree that discovery in this matter should be completed in 120 days; that

discovery will involve document requests, requests for admission and interrogatories as well as depositions of the plaintiff, defendants, experts and others; the parties agree that the discovery should be completed by October 24, 2007.

9.      <u>Exchange of Expert Witness Reports and Information</u>: The parties have not reached an agreement with regards to the timing of the exchange of expert witness reports and information pursuant to Fed. R. Civ. P Rule 26(a)(2).  Plaintiff proposes that such reports and information be exchanged simultaneously in the first instance, with Plaintiff being allowed the opportunity to identify a rebuttal expert approximately one month after the initial exchange of expert witness reports.  Defendants propose that Plaintiff submit expert disclosures first, followed by Defendants' reply, with Plaintiff then having the opportunity to identify a rebuttal expert.

10.     <u>Rule 23 Motion</u>: Not presently applicable to this action.

11.     <u>Bifurcation</u>: The parties agree that no bifurcation will be appropriate in this matter.

12.     <u>Pre-Trial Conference</u>: The Parties agree that the pretrial conference should be set at the Court's discretion.

13.     <u>Trial</u>: The Parties agree that the trial of this matter should be set at the Court's

discretion.

Dated: June _6_, 2007

Respectfully submitted,

| _____/s/   Andrew L. Sandler_____ | _____/s/ William J. Selle_____ |
| Andrew L. Sandler, D. C. Bar No. 381825 | Robert D. Lourie, MD 9593 |
| Keba Riley, D.C. Bar No. 494993 | William J. Selle, D.C. Bar No. 396292 |
| 1440 New York Avenue, N.W. | O'Malley, Miles, Nylen & Gilmore, P.A. |
| Washington, D.C.  20005 | 2007 Tidewater Colony Drive, Suite 2B |
| (202) 371-7000 | Annapolis, MD 21401 |
| | (410) 266-9500 |

Isabelle M. Thabault, D.C. Bar No. 318931
Robert M. Bruskin, D.C. Bar No. 164293
Washington Lawyer's Committee for

*Counsel for Defendants Paul Barnes and
IREIS, LLC*

  Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

*Counsel for Plaintiff*