# Exhibit *2*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE GRIFFITH ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | 1:06CV01648 (HHK) |
| v. ) | |
| ) | |
| PAUL BARNES, *et al.* ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANTS PAUL BARNES AND IREIS, LLC

Pursuant to Rule 33 of Federal Rules of Civil Procedure and LCvR 26.2, Plaintiff, by her undersigned counsel, propounds these Interrogatories, to which Defendants Paul Barnes ("Barnes") and IREIS, LLC ("IREIS") shall respond fully, in writing and under oath, within thirty (30) days after service, in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS

1.    These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as his agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created

by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

2.    These Interrogatories are continuing in character, so as to require that supplemental answer be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.    Pursuant to Principle of General Applicability 20, interrogatory responses must be reasonable, and interrogatories must not be interpreted in an artificially restrictive manner to avoid disclosure of non-privileged, relevant information.

4.    If any interrogatory cannot be answered in full, answer to the extent possible, state the reasons for your inability to answer the remainder, and state whatever information or knowledge you have regarding the unanswered portion.

5.    In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

a.    In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

b.    The following information should be provided in the objection, if known or reasonably available, unless divulging such information (or any portion thereof) would cause disclosure of the allegedly privileged information:

(1)     For oral communications:

    (a)     the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

    (b)     the date and place of the communication; and

    (c)     the general subject matter of the communication.

(2)     For documents:

    (a) The medium (e.g., electronic or paper), type (e.g., memorandum, letter, report, etc.) and the length of the document;

    (b) The existence and identity of any attachments to the document;

    (c) The author(s) and addressee(s);

    (d) The person(s) to whom any copy was furnished;

    (e) The date of the document;

    (f) The subject matter of the document; and

    (g) The interrogatory herein to which the document responds.

6.     If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail

to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

7.    If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definitions below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    "Concerning," "reflecting," " referring" or "relating" may be used interchangeably and shall have their commonly-understood meanings, including, but not limited to, analyzing, containing, concerning, constituting, defining, describing, discussing, embodying, explaining, evidencing, identifying, mentioning, setting forth, stating, summarizing, supporting, comprising, reflecting, referring to, relating to, evidencing, consulting, pertaining to, dealing with and showing or in any way pertaining to the subject matter of the relevant Interrogatory.

2.    "Communication" shall mean every manner or means of disclosure, transfer, transmittal or exchange of information, whether directly or indirectly, including, but not limited to, any oral, written, telephonic or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, correspondence, telephone calls, memoranda, letters, facsimiles, telexes,

conferences, seminars, messages, notes, affidavits, declarations, videotapes, audiotapes, facsimile, Internet, online service, electronic mail or other media.

3.    "Documents" or "records" shall to include, by way of illustration only and not by way of limitation, the following items, whether printed or reproduced by any process, or written and/or produced by hand, or in electronic format and whether or not claimed to be privileged or otherwise exclusive of discovery, namely: notes, correspondence, papers, letters, communications of any nature, telegrams, memoranda, notebooks of any character, summaries or records of personal conversations, diaries, calendars, routing slips, reports, publications, invoices, receipts, specifications, shipping papers, purchase orders, charts, plans, drawings, photographs, sketches, blueprints, minutes or records of meetings, discussions and conversations, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants' forecasts, agreements and contracts including all modifications and/or revisions thereof, reports and/or summaries of negotiations, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, drafts of any document, and revisions of drafts of any document, photographs, motion pictures, tape or video recordings, electronic mail or e-mails, or other data compilations of any kind, and insurance or reinsurance policies including all placement slips, cover notes and any other documents evidencing insurance or reinsurance protection and/or any documents that amend such policies, including addenda or letters.  A draft or a non-identical copy is a separate document within the meaning of the term "document".

4.    *"Identify" and "identity":*

a.    When used in reference to a natural person, these terms mean to state his or her present or last known home address and telephone number; present or last known employer, title or position held with that employer, business address and telephone; any other names or aliases that the person has used or has been referred to by; and, if previously or presently employed by you, the title or position held with you, the date he or she was hired by you, and the date he or she was terminated, if applicable. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

b.    When used in reference to a corporation, these terms mean to state the corporation's full name, state of incorporation, address and telephone number of its principal place(s) of business, the type of business in which it is engaged, and the identity of any natural person(s) within the corporation who may have knowledge of the matters inquired about.

c.    When used in reference to a company, association, partnership, or any other entity not a natural person or corporation, these terms mean to state its full name, form of organization, state of organization, address and telephone number of principal place(s) of business, type of business in which it is engaged, and the identity of any natural person(s) within that organization who may have knowledge of the matters inquired about.

d.    When used in reference to a document, these terms mean to

state the date upon which the document was prepared or executed; the identity of the person who prepared and/or executed it; the identity of the persons who likely received the document or copies thereof; a description of the document, including the number of pages it contains, the title thereof and any identification number associated therewith; the subject matter of the document; the present location and the custody of the original document and any copies thereof; and, if the document is no longer in your possession or subject to your control, the manner and date of disposition of the document.

       e.      When used in reference to communications, these terms mean to state the identity of the person who made the communication, the person(s) to whom it was made and any persons who participated in such communication or were present at the time it was made; the date and place the communication was made; the substance of the communication; whether the communication was oral or in writing; and, if such communication was in writing or has been reduced to writing or otherwise recorded, the identity of such document.

    5.    Parties:  The terms "plaintiff" or "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), shall mean Leslie Griffith or Paul Barnes and/or IREIS, LLC, respectively.  Further, a party's full or abbreviated name or pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees.

6.    "Person" is defined as any natural person or any business, legal or governmental entity or association.    Any reference to any person, corporation, business, entity or association shall include their present and former officers, directors, employees, representatives, attorneys, agents, subsidiaries, affiliates, parents, predecessors, successors and assignees, or any other person acting or purporting to act for or on their behalf.

7.    "You" or "your" shall mean Barnes and/or IREIS (depending upon the context of the question), as well as any employee or former employee, independent contractor, agent, entity or other person acting or purporting to act on Barnes's and/or IREIS's behalf or which Barnes and/or IREIS acts or has acted on behalf of.

8.    "Griffith home" refers to the home at 2619 Newton Street NE, Washington, DC  20018.

9.    *Washington, D.C. metropolitan area:* The "Washington, D.C. metropolitan area" refers to the following counties and independent cities: Washington, District of Columbia, Anne Arundel County, Calvert County, Charles County, Frederick County, Howard County, Montgomery County, Prince George's County, St. Mary's County, Arlington County, Clarke County, Fairfax County, Fauquier County, Loudoun County, Prince William County, Spotsylvania County, Stafford County, Warren County, City of Alexandria, City of Fairfax, City of Falls Church, City of Fredericksburg, City of Manassas and City of Manassas Park.

10.     If an interrogatory calls upon you to "describe in detail" a person, thing or event, or to "state the basis of" a particular denial, claim, settlement, defense, allegation or assertion, you are requested to state all facts and/or conclusions concerning such subject, identify all documents concerning such subject, and identify all persons who may have knowledge of such subject.

11.     For the purposes of these Interrogatories, whenever necessary to ensure completeness or accuracy, words importing the masculine gender include the feminine and neuter, words importing the neuter gender include the masculine and feminine, and words importing the singular include the plural.

12.     The terms "and" as well as "or" shall be read in the disjunctive, conjunctive or both, as the case may be, consistent with an interpretation that results in a more extensive response.

13.     The terms "all," "any" and "each" shall be construed in the broadest sense consistent with an interpretation that results in the most extensive response.

14.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15.     "Including" shall be construed to mean "without limitation."

## INTERROGATORIES

### INTERROGATORY NO. 1.

Identify all persons who have or are likely to have personal knowledge of the facts, information and evidence concerning the issues in this proceeding,

including but not limited to the facts alleged in the plaintiff's Complaint and the facts supporting your Answer and any affirmative or other defenses contained therein, and state whether you intend to call the person as a witness at any evidentiary hearing in this case, including trial. For each person identified, state the substance and basis of their knowledge, and how that person came to possess such knowledge.

**INTERROGATORY NO. 2.**

Describe in detail the communications and transactions through which title to the Griffith home was transferred in or around September 2004, December 2004 and September 2005, and identify all documents concerning those communications and transactions.

**INTERROGATORY NO. 3.**

Describe in detail all real estate transactions in which you have had involvement where (a) the selling homeowner was offered an arrangement with terms similar to those offered to Plaintiff, (b) the selling homeowner was offered an arrangement that included an option to repurchase the property (or otherwise redeem title to the property), (c) the property was offered to a potential buyer for investment purposes, (d) you entered into a Joint Venture Agreement or other agreement with the potential buyer which related to any promise or commitment made by you to bear or reimburse the buyer for any costs or expenses related to the property, or (e) you signed closing documents on behalf of anyone else, including but not limited to transactions in which you acted as a real estate agent for the seller

or buyer, where you participated in matching a buyer or investor with a property, or where you had any other involvement, and identify all documents concerning those transactions.

**INTERROGATORY NO. 4.**

Describe in detail your involvement in the Landlord Tenant Court action in or around November 2005, including but not limited to its origination and prosecution, which pursued eviction of the plaintiff from the Griffith home.

**INTERROGATORY NO. 5.**

Identify any payments, including loans, advances, wages, or gifts, whether monetary or in-kind, you have made to the plaintiff, Michael Brown or Pamela Davis, stating for each payment:

      a.     the date of the payment;

      b.     the purpose of the payment;

      c.     the form of the payment;

      d.     the basis upon which the amount of the payment was calculated;

      e.     the identity of any document concerning the payment; and

      f.     the identity of any person that may have knowledge concerning the payment.

**INTERROGATORY NO. 6.**

Identify any oral or written communication, held or made at any time, relating to any facts relevant to any issue in this case, between you and the plaintiff,

between you and Michael Brown, between you and Pamela Davis and between you and Kelly Profit, and identify all documents concerning such communications.

**INTERROGATORY NO. 7.**

For the period January 1, 2002 through the present, identify and describe in detail all assets or property that you have owned or have had any right or interest in, both inside the United States and in any other country, including but not limited to any real property, homes, businesses and/or partnerships, cars, bank accounts, investment accounts, securities, and retirement accounts. For each asset listed, describe the value of the asset, including any liens, mortgages or any other encumbrances on the asset, and any identifying information for the asset, including any account numbers for the asset.

**INTERROGATORY NO. 8.**

For the period January 1, 2004 through the present, describe in detail and identify all documents relating to (1) any efforts undertaken by you to discover which homes in the Washington, D.C. metropolitan area were secured by mortgages in delinquency or where delinquency was threatened; and (2) any efforts to market your services to the owners of such homes or to extend loan products to the subject borrowers.

Dated: July 5, 2007

By: _____

Andrew L. Sandler, D. C. Bar No. 381825
Keba Riley, D.C. Bar No. 494993
1440 New York Avenue, N.W.
Washington, D.C. 20005

(202) 371-7000

Isabelle M. Thabault, D.C. Bar No. 318931
Robert M. Bruskin, D.C. Bar No. 164293
Washington Lawyer's Committee for
  Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2007, a copy of the foregoing *Plaintiff's First Set of Interrogatories to Defendants Paul Barnes and IREIS, LLC* was served by U.S. mail to:

> Robert J. Lourie
> William J. Selle, Esquire
> O'Malley, Miles, Nylen & Gilmore, P.A.
> 2007 Tidewater Colony Drive, Suite 2B
> Annapolis, MD 21401

*Attorneys for Defendants Paul Barnes and IREIS, LLC*

Keba U. Riley