# Exhibit 5

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LESLIE GRIFFITH                    :
                                   :
        Plaintiff                  :
                                   :
    v.                             :        Case No.: 1:06CV01648 (HHK)
                                   :
PAUL BARNES, et al.                :
                                   :
        Defendants                 :

### ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS PAUL BARNES AND IREIS, LLC

TO:        **Leslie Griffith, Plaintiff**

FROM:      **Paul Barnes and IREIS, LLC, Defendants**

Defendants Paul Barnes and IREIS, LLC, through their attorneys, O'Malley, Miles, Nylen & Gilmore, P.A., Robert D. Lourie, and William J. Selle, and pursuant to Rule 33 of Federal Rules of Civil Procedure and LCvR 26.2, answers Plaintiff's First Set of Interrogatories as follows:

The information supplied in these Answers to Interrogatories is not based solely on the knowledge of the Defendants but includes the knowledge of their attorneys unless privileged.

The word usage and sentence structure may be that of the attorney and does not purport to be the exact language of the Defendants.

*******************

1.      Identify all persons who have or are likely to have personal knowledge of the facts, information and evidence concerning the issues in this proceeding, including but not limited to the facts supporting your Answer and any affirmative or other defenses contained therein, and state whether you intend to call the person as a witness at any evidentiary hearing in this case, including trial. For each person identified, state the

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

1

substance and basis of their knowledge, and how that person came to possess such knowledge.

**ANSWER:**

a.     <u>Leslie Griffith</u>.  Ms. Griffith has knowledge of her dealings with Mr. Barnes and IREIS.  She is aware that her mortgage with Chase Mortgage was at least 3 months delinquent when she met with Mr. Barnes.  She is further aware that she entered into an agreement with Mr. Barnes whereby her property would be transferred in consideration of the mortgage payments being brought current.  Ms. Griffith would thereafter have the option to repurchase the property within one year.  Ms. Griffith is further aware that she was living in the property over two (2) years while making one (1) rental payment. She is further aware of the settlement worked out between Mr. Brown and herself.

b.     <u>Michael Brown</u>.  Mr. Brown is aware of the agreement between Mr. Barnes and himself whereby he would purchase the property from Ms. Griffith with the condition that Ms. Griffith would have the option to repurchase the property.  Mr. Brown is further aware that Ms. Griffith has paid one (1) rent payment over the last two (2) years. He is further aware of the agreement between Mr. Barnes and himself and Ms. Pamela Davis and himself.  He is further aware of the settlement agreement worked out between Ms. Griffith and himself.

c.     <u>Pamela Davis</u>.  Ms. Davis is aware of her relationship with Mr. Barnes and Mr. Brown concerning this transaction and discussions she had with Ms. Griffith concerning this matter.

d.     <u>Kelly Profit</u>.  Ms. Profit has knowledge of the fact that she referred Ms. Griffith to Mr. Barnes.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

e.  <u>Paul Barnes</u>.  Mr. Barnes has knowledge of his relationship with Ms. Griffith, the agreement reached with her, and the transactions between the parties.

f.  <u>Chase Mortgage</u>.  A representative of Chase Mortgage has knowledge of the fact that Ms. Griffith was delinquent in her mortgage payments and in danger of foreclosure when Mr. Barnes approached her.

2.    Describe in detail the communications and transactions through which title to the Griffith home was transferred in or around September 2004, December 2004 and September 2005, and identify all documents concerning those communications and transactions.

**ANSWER:**

Mr. Barnes was informed by Kelly Profit that Ms. Griffith was delinquent in her mortgage payments and facing foreclosure.  Mr. Barnes met with Ms. Griffith and entered into a contract with IREIS in which Mr. Barnes and IREIS would purchase the property, pay the delinquent mortgage payments, and give Ms. Griffith an option to repurchase the property.

The property was thereafter transferred to Mr. Brown.  Ms. Griffith failed to abide by the terms of the agreement with Mr. Barnes and IREIS by failing to make rental payments while she occupied the property.  She further failed to exercise her option to repurchase the property.

The property was thereafter transferred to Pamela Davis by Mr. Brown when he became dissatisfied with the fact that Ms. Griffith failed to live up to the terms of the agreement.

3.    Describe in detail all real estate transactions in which you have had involvement where (a) the selling homeowner was offered an arrangement with terms

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

similar to those offered to Plaintiff, (b) the selling homeowner was offered an arrangement that included an option to repurchase the property (or otherwise redeem title to the property), (c) the property was offered to a potential buyer for investment purposes, (d) you entered into a Joint Venture Agreement or other agreement with the potential buyer which related to any promise or commitment made by you to bear or reimburse the buyer for any costs or expenses related to the property, or (e) you signed closing documents on behalf of anyone else, including but not limited to transactions in which you acted as a real estate agent for the seller or buyer, where you participated in matching a buyer or investor with a property, or where you had any other involvement, and identify all documents concerning those transactions.

**ANSWER:**    Objection, this interrogatory asks for irrelevant information which has nothing to do with the transaction between the Plaintiff and the Defendant.

4.      Describe in detail your involvement in the Landlord Tenant Court action in or around November 2005, including but not limited to its origination and prosecution, which pursued eviction of the plaintiff from the Griffith home.

**ANSWER:**    Mr. Barnes and Mr. Brown initiated a Complaint for Possession against Ms. Griffith when she failed to pay rent as agreed.  Mr. Brown was required to make the mortgage payments on the property while Ms. Griffith lived rent free. The landlord/tenant action was dismissed because the Court ruled that the named landlord did not have the appropriate license to prosecute the case.

5.      Identify any payments, including loans, advances, wages, or gifts, whether monetary or in-kind, you have made to the plaintiff, Michael Brown or Pamela Davis, stating for each payment:

a.      the date of the payment;

· O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

b.      the purpose of the payment;

c.      the form of the payment;

d.      the basis upon which the amount of the payment was calculated;

e.      the identity of any document concerning the payment; and

f.      the identity of any person that may have knowledge concerning the

payment.

**ANSWER:**    Other than the payments reflected on the HUD-1 settlement sheet involving these transactions, Mr. Barnes paid Ms. Davis $10,000.00 at about the time the property was transferred to her.

6.      Identify any oral or written communication, held or made at any time, relating to any facts relevant to any issue in this case, between you and the plaintiff, between you and Michael Brown, between you and Pamela Davis and between you and Kelly Profit, and identify all documents concerning such communications.

**ANSWER:**    See above answers and see Response to Request for Production of Documents.

7.      For the period January 1, 2002 through the present, identify and describe in detail all assets or property that you have owned or have had any right or interest in, both inside the United States and in any other country, including but not limited to any real property, homes, businesses, and/or partnerships, cars, bank accounts, investment accounts, securities, and retirement accounts.  For each asset listed, describe the value of the asset, including any liens, mortgages or any other encumbrances on the asset, and any identifying information for the asset, including any account numbers for the asset.

**ANSWER:**    Objection, this Interrogatory is improper.  Plaintiff is not entitled to inquire into the financial condition of the Defendant until such time as a judgment is entered.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

8.    For the period January 1, 2004 through the present, describe in detail and identify all documents relating to (1) any efforts undertaken by you to discover which homes in the Washington, D.C. metropolitan area were secured by mortgages in delinquency or where delinquency was threatened; and (2) any efforts to market your services to the owners of such homes or to extend loan products to the subject borrowers.

**ANSWER:**    Objection, this Interrogatory asks for irrelevant information and has nothing to do with the transaction between the Plaintiff and the Defendant.

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

**I HEREBY AFFIRM AND DECLARE** under the penalties of perjury that the foregoing Answers to Interrogatories are true and correct to the best to my information, knowledge, and belief.

_____
Paul Barnes

IREIS, LLC

By: _____
Paul Barnes, Member

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

Respectfully submitted,

**O'MALLEY, MILES, NYLEN & GILMORE, P.A.**

_____
Robert D. Lourie, MD 9593
rlourie@omng.com

_____
William J. Selle, D.C. Bar No. 396292
2007 Tidewater Colony Drive, Suite 2B
Annapolis, MD 21401
(410) 266-9500
wselle@omng.com

Attorneys for Defendants Paul Barnes and
IREIS, LLC

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland 21401

(410) 266-9500
FAX NO. (410) 266-9522

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>24th</u> day of <u>August</u>, 2007, a copy of the foregoing Answers to Plaintiff's First Set of Interrogatories to Defendants Paul Barnes and IREIS, LLC was mailed, first class, postage prepaid, to:

Andrew L. Sandler, Esq.
Keba U. Riley, Esq.
1440 New York Avenue, N.W.
Washington, D.C. 20005

Isabelle M. Thabault, Esq.
Robert M. Bruskin
Washington Lawyer's Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036

Charles Grant Byrd, Jr.
Alston & Byrd
2518 Maryland Avenue
Baltimore, Maryland 21218

William J. Solle

O'MALLEY, MILES,
NYLEN & GILMORE, P.A.

2007 Tidewater Colony Drive
Suite 2B
Annapolis, Maryland  21401

(410) 266-9500
FAX NO. (410) 266-9522

W:\clients\B\Barnes, Paul and IREIS, LLC\Pleadings\Answers to Interrogatories.doc