IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESLIE GRIFFITH,

                         Plaintiff,

      v.

PAUL BARNES, *et al.*,

                         Defendants.

Case No:
    1:06CV01648
    (HHK)

## PLAINTIFF LESLIE GRIFFITH'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff Leslie Griffith ("Plaintiff"), by counsel and pursuant to Federal Rule of Civil Procedure 37(a), moves the Court to compel Defendants Paul Barnes ("Mr. Barnes") and IREIS ("IREIS") (collectively, "Defendants") to answer fully Plaintiff's Request for Production No's. 1-11 and to respond fully to Plaintiff's Interrogatory No's. 2-3, 5, and 6-8. For the reasons set forth below, Plaintiff respectfully requests that her motion to compel be granted.

## INTRODUCTION

This motion seeks an order from the Court compelling Defendants to produce documents and answer Plaintiff's interrogatories generally concerning the following: Defendants transaction with Plaintiff; Defendants relationships with Michael Brown ("Brown") and Pamela Davis ("Davis")[1]; Defendants' business practices, including but not limited to those relating to real estate and the offer of loans to homeowners having difficulty meeting their mortgage

---

[1] As part of Defendants' scheme to defraud Plaintiff of title to her home, Defendants caused title to the Residence to be transferred first to Michael Brown and later to Pamela Davis.

obligations; Defendants' financial status; Defendants' professional licenses; and criminal and civil actions taken against Defendants.

During the meet and confer session with Defendants' attorney prior to filing this motion, Defendants' attorney reiterated objections to the production of much of this material on the grounds that Plaintiff was requesting irrelevant information that was not related to the subject transaction or requesting information which was not properly attainable at this stage of the litigation. Defendants' attorney also stated that other material had not been produced because Mr. Barnes had not provided the documents to his attorney. Plaintiff respectfully submits that these reasons should not excuse Defendants from producing the requested documents or responding fully to the interrogatories propounded by Plaintiff.

## BACKGROUND

Plaintiff served Defendants with her First Set of Request for Production of Documents on July 5, 2007. (Ex. 1, Request for Production ("RFP")). For purposes relevant to this motion, Plaintiff requested:

(1) All documents relating to any loans, agreements, or leases related to Plaintiff's home at 2619 Newton Street NE, Washington, DC 20018 ("the Residence") and payments related thereto, all documents related to the transfer of ownership, sale, rental, encumbrance, or collateralization of the Residence, and all disclosures made by Mr. Barnes and/or IREIS to Plaintiff. (RFP No's 1-2);

(2) All documents relating to or showing any business relationship between Mr. Barnes and/or IREIS and Brown and/or Davis, including, but not limited to, documents evidencing joint ventures between or among, payments to or from, or monies owed to or due the aforementioned. (RFP No. 3);

(3) All documents that reflect, refer to or relate to the solicitation, advertisement and promotion of loans or investments, real estate services, or foreclosure avoidance assistance offered by Mr. Barnes and/or IREIS. (RFP No. 4);

(4) All documents reflecting or relating to real estate transactions or offers in which Mr. Barnes and/or IREIS has been involved including, but not limited to, (a) such

transactions or offers similar to that offered and entered into with Plaintiff, (b) arrangements including an option to repurchase, (c) offers of property to potential buyers for investment purposes, (d) transactions involving joint venture agreements with a commitment to bear or reimburse the buyer for any costs or expenses related to the purchase of a property, or (d) transactions in which Mr. Barnes signed closing documents on behalf of another person. Such documents include, but are not limited to, those relating to properties sold to Davis or any member of her family. (RFP No's. 5-6);

(5) All documents regarding the formation and creation of IREIS, or any other business entity organized by Barnes and/or IREIS, including but not limited to (a) the entity's articles of incorporation or organization, (b) by-laws, (c) limited liability company or partnership agreements, (d) the names and addresses of the entity's officers, directors, and members or limited liability company interest holders, (d) any other corporate formation or constitutional document, whether or not the same has been filed with any governmental or regulatory body, (e) the business plan for the entity, and (f) all documents reflecting the entity's policies, practices, procedures, and/or guidelines concerning the acquisition and/or rental of real property (including all contract templates used in conducting the entity's business). (RFP No. 7);

(6) All documents relating to or reflecting Mr. Barnes's financial status from 2003 to the present, including but not limited to, his state and federal tax returns, bank and/or brokerage account statements, the addresses of any real property beneficially owned by Mr. Barnes, the addresses of any real property beneficially owned by Mr. Barnes which was sold or transferred by him since 2000, the make and model of any vehicles beneficially owned by Mr. Barnes, and a statement of any debts owed by Mr. Barnes. (RFP No. 8);

(7) All documents relating to or reflecting IREIS' financial status from 2003 to the present, including but not limited to, any financial statements, annual reports made to the state of Maryland, balance sheets, statements of income, statements of cash flow, and minutes of meetings. (RFP No. 9);

(8) All documents that reflect, refer to or relate to any professional license(s) held by Mr. Barnes and/or IREIS to conduct business in the Washington, D.C. metropolitan area from 2000 to the present, including but not limited to, any license to practice as a realtor, real estate broker or property manager, license or permit to lend money, or housing business licenses. (RFP 10); and

(9) All documents that reflect, refer to or relate to any legal actions, whether civil or criminal in nature, taken against Mr. Barnes and/or IREIS without regard to time period. (RFP No. 11).

Plaintiff served Defendants' with Plaintiff's first Set of Interrogatories on on July 5, 2007. (Ex. 2, Interrogatories ("Int.")).  For purposes relevant to this motion, Plaintiff sought the following information:

(1) The identification of all documents reflecting or regarding any communications and transactions through which title to the Residence was transferred in or around September 2004, December 2004 and September 2005, and those communications and transactions.  (Int. No. 2);

(2) A detailed description of and the identification of all documents reflecting or referring to all real estate transactions in which Mr. Barnes and/or IREIS was involved wherein (a) the selling homeowner was offered an arrangement with terms similar to those offered to Plaintiff, (b) the selling homeowner was offered an arrangement that included an option to repurchase the property (or otherwise redeem title to the property), (c) the property was offered to a potential buyer for investment purposes, (d) Mr. Barnes and/or IREIS entered into a Joint Venture Agreement or other agreement with the potential buyer which related to any promise or commitment made by you to bear or reimburse the buyer for any costs or expenses related to the property, or (e) Mr. Barnes signed closing documents on behalf of anyone else.  (Int. No. 3)

(3) The identification of any payments, including loans, advances, wages, or gifts, whether monetary or in-kind, Defendants have made to Plaintiff, Brown or Davis. (Int. No. 5)

(4) The identification of any oral or written communications and related documents, held or made at any time, relating to any facts relevant to any issue in this case, between Mr. Barnes and/or IREIS and the plaintiff, between Mr. Barnes and/or IREIS and Brown, between Mr. Barnes and/or IREIS and Davis and between Mr. Barnes and/or IREIS and Kelly Profit ("Profit").  (Int. No. 6)

(5) The identification of and description of all assets or property that Mr. Barnes and/or IREIS has owned or has had any right or interest in, both inside the United States and in any other country for the period January 1, 2002 through the present, including but not limited to any real property, homes, businesses and/or partnerships, cars, bank accounts, investment accounts, securities, and retirement accounts.  For each asset listed, Plaintiff requested a description of the value of the asset, including any liens, mortgages or any other encumbrances on the asset, and any identifying information for the asset, including any account numbers for the asset. (Int. No. 7); and

(6) A detailed description of and the identification of all documents relating to (1) any efforts undertaken by Mr. Barnes and/or IREIS to discover which homes in the Washington, D.C. metropolitan area were secured by mortgages in delinquency or where delinquency was threatened and any efforts to market your services to the

4

owners of such homes or to extend loan products to the subject borrowers. (Int. No. 8).

After Defendants responded to the Request for Production and Interrogatories, counsel for Plaintiff notified Defendants that their production of document and interrogatory responses were insufficient, and the parties conducted a telephone conference to address the issue. During the telephonic meet and confer session held on October 8, 2007, the parties were unable to resolve their disagreements. Plaintiff's counsel explained that the documents requested were in fact relevant to the instant case and Defendants agreed to reconsider the matter. Defendants' counsel also agreed to seek to ascertain whether additional documents exists which had not previously been produced. Plaintiff's counsel followed-up with Defendants' counsel on October 16, 2007. (Ex. 3, Email to William Selle from Keba Riley). However, no additional documents or responses have been produced to date.

At this stage in the litigation, Plaintiff has received one hundred and fifty-two (152) pages of documents consisting primarily of the closing documents related to the sale of the Residence to Brown. Among the most significant of the missing documents are (i) a copy of the agreement detailing the transaction between Plaintiff and Mr. Barnes and/or IREIS; the only copies of which are in Mr. Barnes possession; (ii) documents related to the sale of the Residence to Davis; (iii) documents related or referring to Defendants' relationships with Brown and Davis; (iv) documents related or referring to Defendants' business practices, including but not limited to those relating to real estate and the offer of loans to homeowners having difficulty meeting their mortgage obligations; (v) documents related or referring to Mr. Barnes' and IREIS' financial status; (vi) documents related or referring to Mr. Barnes' and IREIS' professional licenses; and (vii) documents related or referring to criminal and civil actions taken against Mr. Barnes and Defendant IREIS.

Defendants have withheld documents or refused to provide information (1) relating to the solicitation, advertisement, and promotion of loans, investments, real estate services, and/or foreclosure avoidance assistance; (2) regarding Defendants' involvement in other transactions or offers similar to, or which contained elements of or similar to, the transaction entered into with Plaintiff; (3) reflecting Defendants' financial status; and (4) reflecting any criminal or civil actions against Defendants on the grounds that such information is "irrelevant information not related to the transaction involving Defendant's and Plaintiff." (Ex. 4, Response to Plaintiffs' First Set of Request for Production of Documents From Defendants Paul Barnes and IREIS, LLC ("Resp. to RFP"), Resp. to RFP No's 4-6, 8-9, and 11; *see also* Answers to Plaintiff's First Set of Interrogatories to Defendants Paul Barnes and IREIS, LLC (Ex. 5) ("Resp. to Int."), Resp. to Int. No. 3). Plaintiff further failed to produce documents or answer interrogatories which are relevant to Plaintiff's claims and which are not subject to any objection.

## ARGUMENT

### A.     The Evidence Sought Is Integrally Related to Plaintiff's Claims

Defendants have objected to Ms. Griffith's document requests and interrogatories on relevancy grounds. The Federal Rules of Civil Procedure compel discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This Court has held that "[f]or the purposes of discovery, relevancy is broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case." *Alexander v. F.B.I.*, 194 F.R.D. 316, 325 (D.D.C. 2000). *See also Smith v. Schlesinger*, 513 F.2d 462, 473 (C.A.D.C. 1975).

6

Plaintiff's claims rest on, among other things, her assertions that Defendants have engaged in similar fraudulent transactions (*see* Compl. at ¶¶45-47); that Defendants owed Plaintiff fiduciary and agency duties and that "[t]hese duties arose from Defendants Barnes and IREIS gaining Plaintiff's trust and confidence directly cultivated by and reposed in Defendants Barnes and IREIS representations of expertise and trustworthiness in assisting Plaintiff to avoid foreclosure and stay in her home, or stated another way, to protect Plaintiff's interests," (*id.* at ¶ 72); that "Defendants Barnes and IREIS held themselves out as professionals and persons or entities willing to assist individuals facing foreclosure to maintain ownership of their homes," (*id.*. at ¶¶79, 89); and that "Defendants made mortgage loans to Plaintiff and others," (*id.* at 97).

To prove these claims, Plaintiff is entitled to discover information concerning Defendants' business practices, including their solicitations of such business, other similar and relevant transactions proposed or entered into by Defendants, the financial status of relevant persons and businesses taking part in such transactions, and legal actions taken against Defendants relative to such transactions as well as any actions which may reflect on Defendants business practices.

Defendants' further contend that "Plaintiff is not entitled to inquire into the financial condition of the Defendant until such time as judgment is entered." However, Plaintiff is not seeking this information in relation to a damages assessment. Rather, Plaintiff's inquiry into Defendants' financial status is relevant to Plaintiff's understanding of Defendants business practices as reflected through their finances. This court recently held that "[i]nformation sought may be 'relevant' even if it is not admissible at the merits stage, so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Put differently, a party may discover information which is not admissible at trial if such information will have some

probable effect on the organization and presentation of the moving party's case." *Jewish War Veterans of the U.S., Inc. v. Gates*, 2007 WL 2702012, \*9 (D.D.C. 2007) (internal citations and punctuation omitted).

Finally, Defendant's failure to fully answer interrogatories propounded by Plaintiff and to produce documents, the request for which were not objected to by Defendants, is a violation of Rule 26(b). Despite their agreement to produce documents in response to RFP No's. 1-3, 7, and 10, Defendants production of these documents is in some instances completely absent, or in others, incomplete. Defendants have not provided any document in response to RFP No's 3, 7, and 10; nor have they objected to the requests. Generally, these documents relate to the business relationship between Defendants and Brown and Davis, the formation and creation of IREIS and related business ventures, and any professional licenses held by Defendants.

With regard to RFP No's 1-2, Defendants have only produced a few documents including the closing documents for the sale of the Residence to Brown, the Settlement Statement for the sale of the Residence to Davis, the Agreement to sell real estate signed by Griffith, and the Limited Power of Attorney signed by Griffith. Most notable of the missing documents is the agreement memorializing the transaction between Defendants and Griffith. Shortly after the agreement was signed, Barnes took Plaintiff's copy of the agreement from her with the promise of returning it. He never returned the document; thus, he is the only person with a copy of the agreement. (*See* Compl. at ¶30). Also missing from the production are other documents which Barnes had Griffith sign related to the arrangement he offered her, documents related to the sale of the home to Davis, documents showing payments from Griffith to Defendants, certificates of occupancy for the Residence, documents relating to loans and/or lines

of credit obtained using the Residence as collateral and/or security; all HUD-1 Settlement Statements relating to the purported transfer of the Residence to Brown or Davis, correspondence, notices, notes, or documents relating to Plaintiff or the Residence, documents relating to disclosures made by Defendants to Plaintiff, and documents that purport to bear the signature or initials of Plaintiff, but which were signed by Barnes, including those signed as Plaintiff's "Attorney-In-Fact".

   Defendants also failed to fully and completely answer Int. No. 5 which seeks the identification of any payments, including loans, advances, wages, or gifts, whether monetary or in-kind, Defendants have made to Plaintiff, Brown or Davis. Defendants' response to this interrogatory is, "Other than the payments reflected on the HUD-1 settlement sheet involving these transactions, Mr. Barnes paid Ms. Davis $10,000 at about the time the property was transferred to her." (Resp. to Int. No. 5). Int. No. 5 sought detailed information including the purpose and form of any such payments, the basis for the calculation of such payments, the identification of any documents related to such payments, and the identification of persons with knowledge of such payments. Defendants cursory statement is an attempt to evade answering this interrogatory and is woefully incomplete.

   Rule 37 (a)(3) states that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond," and is subject to a motion to compel. As discussed above, these requests and interrogatories are relevant to Plaintiff's claims; and to the extent that Defendants' have not objected to these requests, they are required to respond fully and completely to Plaintiff's requests for the production of documents and interrogatories.

## CONCLUSION

For the reasons set forth above, Plaintiff Leslie Griffith respectfully requests that the Court compel Defendants Paul Barnes and IREIS to answer fully Plaintiff's Request for Production No's. 1-11 and to respond fully to Plaintiff's Interrogatory No's. 2-3, 5, and 6-8.

Dated: October 26, 2007

Respectfully Submitted,

___/s/ Keba U. Riley_____
Andrew L. Sandler, D. C. Bar No. 381825
Keba Riley, D.C. Bar No. 494993
1440 New York Avenue, N.W.
Washington, D.C.  20005
(202) 371-7000

Isabelle M. Thabault, D.C. Bar No. 318931
Robert M. Bruskin, D.C. Bar No. 164293
Washington Lawyer's Committee for
   Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2007, a copy of the foregoing Plaintiff Leslie Griffith's Motion to Compel and Memorandum in Support Thereof was filed electronically by operation of the Court's electronic filing system and served by U.S. mail to:

     Robert J. Lourie
     William J. Selle, Esquire
     O'Malley, Miles, Nylen & Gilmore, P.A.
     2007 Tidewater Colony Drive, Suite 2B
     Annapolis, MD 21401

     *Attorneys for Defendants Paul Barnes and IREIS, LLC*

                              /s/ Keba U. Riley
                              Keba U. Riley