IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE GRIFFITH,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL BARNES, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No:<br>　　1:06CV01648<br>　　(HHK) (JMF) |

## PLAINTIFF LESLIE GRIFFITH'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Leslie Griffith ("Plaintiff"), respectfully submit this reply memorandum of law in support of her motion to compel Defendants Paul Barnes ("Mr. Barnes") and IREIS ("IREIS") (collectively, "Defendants") to answer fully Plaintiff's Request for Production No's. 1-11 and to respond fully to Plaintiff's Interrogatory No's. 2-3, 5, and 6-8.

## ARGUMENT

Plaintiff argues in her original motion that she is entitled to discovery regarding Defendants transaction with Plaintiff; Defendants relationships with Michael Brown ("Brown") and Pamela Davis ("Davis")[1]; Defendants' business practices, including but not limited to those relating to real estate and the offer of loans to homeowners having difficulty meeting their mortgage obligations; Defendants' financial status; Defendants' professional licenses; and criminal and civil actions taken against Defendants on three grounds. First, the Federal Rules of Civil Procedure allow discovery of any material relevant to any of Plaintiff's claims, not just

---

[1] As part of Defendants' scheme to defraud Plaintiff of title to her home, Defendants caused title to the Residence to be transferred first to Michael Brown and later to Pamela Davis.

discovery of the specific occurrences giving rise to those claims.  Second, Plaintiff's request for

financial information is not related to a damages assessment but an effort to gain an

understanding of Defendants' business practices.  Third, Defendants are required to produce

documents for which there is no basis for objection, and Defendants failure to produce such

documents is a violation of the Rules.

Defendants have responded by arguing that Defendants have produced all

documents in their custody, that Plaintiff's requests do not directly involve the subject transaction,

and that information regarding Defendants' finances are not properly sought at this stage of

litigation.  However, as discussed in Plaintiff's Motion to Compel and as reiterated below,

Defendants' arguments are not adequate, and the Court should compel Defendants to respond

fully to Plaintiff's discovery requests.

**A.    Defendants have not produced documents directly related to the subject transaction
and have not conducted a reasonably diligent search for the requested documents.**

Defendants have failed even to produce documents related directly to the fraud

perpetrated against Plaintiff, most notably the Agreement setting forth the terms of the loan,

documents related to the transfer to of ownership of Plaintiff's home to Brown and Davis, proof

of payments made or received related to Plaintiff's home, documents evidencing any disclosures

made related to Plaintiff by Defendants, and documents purporting to bear the signature of

Plaintiff which were actually signed by Defendants.  Furthermore, it cannot be disputed that

Defendants' interactions and communications with Brown and Davis pertaining to the Residence

are related to the subject transaction.  Moreover, given that IREIS is a defendant in this case and

that Plaintiff contends that Barnes and IREIS were acting without licenses, documents related to

the formation and operation of IREIS and the licensing of Defendants are certainly relevant to

the subject transaction.

2

Defendants agreed, in their responses to the document requests, to allow for inspection of many of the documents requested by Plaintiff and, after conferring with Plaintiff's counsel, agreed to produce these documents. For the most part, however, none of these documents have been produced. Defendants' counsel state that they "have turned over to Plaintiff, any and all [discoverable] documents which Defendants have in their possession, custody, or control." (Opp. at ¶ 9). Defendants clearly have not made a reasonable and diligent search for many of the documents requested, which Defendants have neither objected to nor produced.

"Rule 34 of the Federal Rules of Civil Procedure permits any party to request the production of documents within the scope of Rule 26(b) and in the 'possession, custody or control of the party upon whom the request is served.' Control includes documents that a party has the legal right to obtain on demand." *American Society For Prevention of Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006) (internal citations omitted). Plaintiff has requested the production of numerous documents which Defendants have the legal right to obtain on demand. This includes, but is not limited to, documents requested by Plaintiff related to the formation and creation of Defendant IREIS, including the articles of incorporation, by-laws, or limited liability agreement, or any professional licenses held by Defendants.

Finally, during the meet and confer session with Plaintiff's attorney prior to the filing of this motion, Defendants' attorney stated that other material had not been produced because Mr. Barnes had not provided the documents to counsel. Defendants have the only copies of many of the requested documents, or the requested documents are most readily

3

accessible by Defendants; and this excuse should not absolve Defendants of their obligation to produce the requested documents or respond fully to the interrogatories propounded by Plaintiff.

**B. Discovery is not limited to the subject transaction.**

Defendants' Opposition to Plaintiff's Motion to Compel is, for the most part, a litany of the claims raised against Defendants followed by the argument that Plaintiff may only inquire into facts directly related to the fraud which resulted in Plaintiff losing her home, the subject transaction. However, discovery, under the Federal Rules of Civil Procedure, allows the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Rule does not limit Plaintiff's discovery, as Defendants urge the Court to hold, to the details of the transaction through which Defendants defrauded Plaintiff out of her home and then caused the home to be sold first to Brown and then to Davis (though, as noted above, Defendants have to date failed to produce those documents as well). Rather, the law is very clear that discovery is allowed for a broad range of matters and the term relevant "encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case." *Alexander v. F.B.I.*, 194 F.R.D. 316, 325 (D.D.C. 2000). *See also Smith v. Schlesinger*, 513 F.2d 462, 473 (C.A.D.C. 1975).

First, Plaintiff's requests for information regarding other transactions to which Defendants are party are necessary to prove an element of her First Cause of Action. Plaintiff's claims include allegations that Defendants have engaged in a number of transactions by which they have defrauded or attempted to defraud people out of title to or equity in their homes. Specifically, Plaintiff's claim that Defendants have originated two or more HOEPA-covered

loans is an element of her TILA, HOEPA, and Regulation Z claim. (*see* Compl. at ¶¶45-47). Therefore, as Plaintiff is seeking information necessary to establishing a claim, such discovery is clearly allowed by the Rules. *See* Fed. R. Civ. P. 26(b)(1).

Furthermore, contrary to Defendants' assertions that requests related to other cases and to Defendants' business practices are merely a "fishing expedition [] to discover more potential plaintiffs and more potential litigation for her benefit" (Opp. at ¶2), Plaintiff is already aware of at least one other action that has been filed against Defendants relating to a foreclosure savior scheme through which another area homeowner lost her home in connection with a transaction with Defendants.[2] Rather, Plaintiff is attempting to gather relevant facts to gain a full understanding of Defendants' business practices including their solicitations of such business, other similar and relevant transactions proposed or entered into by Defendants as part of their business, the financial status of relevant persons and businesses taking part in such transactions, and legal actions taken against Defendants relative to such transactions as well as any actions which may reflect on Defendants business practices.

Moreover, Plaintiff's research outside of formal discovery has established that Defendants tend to use straw buyers, such as Paul Brown and Pamela Davis, who were party to the scheme to defraud Plaintiff of her home, and Tracy Davis,[3] who is alleged to have acted as a straw buyer in the *Scott* case, in their schemes to steal homes and equity. Therefore, a simple search of property and court records will not yield information about similar schemes to which

---

[2]    Defendants Barnes and IREIS are defendants in a case currently pending in the United States District Court for the District of Maryland, *Scott v. Davis* (Civil Action No. 8:06-cv-02107-AW).

[3]    On information and belief, Tracy Davis is the sister of Pamela Davis, who was party to the scheme to defraud Plaintiff.

Defendants have been party.  Rule 26 discovery is the only sure means for Plaintiff to fully develop the facts of her case against Defendants.

**C.  Plaintiff's request for financial information is not for the purpose of assessing damages.**

As previously stated, Plaintiff is not seeking information about Defendants' finances as a part of a damages assessment.  Rather, the financial information sought is needed to gain a full understanding of Defendants' business practices and to identify the other individuals which may be involved alongside him.  Such information is properly sought at this stage of the litigation if it "will have some probable effect on the organization and presentation of the moving party's case." *Jewish War Veterans of the U.S., Inc. v. Gates*,  2007 WL 2702012, *9 (D.D.C. 2007) (internal citations and punctuation omitted).

## CONCLUSION

For the reasons set forth above, Plaintiff Leslie Griffith respectfully requests that the Court compel Defendants Paul Barnes and IREIS to answer fully Plaintiff's Request for Production No's. 1-11 and to respond fully to Plaintiff's Interrogatory No's. 2-3, 5, and 6-8.

Dated: November 9, 2007

Respectfully Submitted,


___/s/ Keba U. Riley_____
Andrew L. Sandler, D. C. Bar No. 381825
Keba Riley, D.C. Bar No. 494993
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Isabelle M. Thabault, D.C. Bar No. 318931
Robert M. Bruskin, D.C. Bar No. 164293
Washington Lawyer's Committee for
  Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2007, a copy of the foregoing

Plaintiff Leslie Griffith's Reply to Defendants' Opposition to Plaintiff's Motion to Compel

Discovery was filed electronically by operation of the Court's electronic filing system and served

by U.S. mail to:

> Robert J. Lourie
> O'Malley, Miles, Nylen & Gilmore, P.A.
> 2007 Tidewater Colony Drive, Suite 2B
> Annapolis, MD 21401
>
> *Attorney for Defendants Paul Barnes and IREIS, LLC*

___/s/ Keba U. Riley_____
Keba U. Riley
