UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE GRIFFITH,<br><br>                Plaintiff,<br><br>                v.<br><br>PAUL BARNES, et al.,<br><br>                Defendants. | Civil Action 06-01648 (HHK) |

ORDER

On June 11, 2008, this court entered default judgment pursuant to Fed. R. Civ. P. 55(b) and awarded plaintiff Leslie Griffith damages, prejudgment interest, and punitive damages. Before the court is Griffith's motion for attorneys' fees and costs [#60]. Griffith was represented by attorneys and paralegals from Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") and the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("Washington Lawyers' Committee"). Griffith seeks attorneys' fees and costs pursuant to the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3905(k)(1)(B).[1]

The CPPA provides for the recovery of "reasonable attorneys' fees." D.C. Code § 28-3905(k)(1)(B). To determine the amount of attorneys' fees, the court must calculate the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is determined by analyzing three elements: (1) the attorneys' billing practices; (2) the attorneys' skill, experience, and

---

[1] Griffith also seeks attorneys' fees pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* The court will not consider Griffith's request for fees under TILA because this court dismissed Griffith's TILA claim.

reputation; and (3) the prevailing market rates in the relevant community. *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The second and third elements are "to some degree, intertwined." *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 12 (D.D.C. 2000). That is, the prevailing market rate is that which is prevailing "for attorneys of reasonably comparable skill, experience, and reputation." *Covington*, 57 F.3d at 1108.

Griffith has submitted sufficient evidence in support of the first element – the billing practices of Skadden and the Washington Lawyers' Committee. Griffith's request for attorneys' fees and costs is deficient, however, because she has not submitted sufficient evidence in support of the second and third elements.

Griffith has submitted evidence regarding the usual hourly billing rates of the Skadden attorneys and paralegals who worked on this case. An attorney's hourly billing rate is "important substantiating evidence of the prevailing [market] rate." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982). The usual hourly billing rate is not necessarily the same as the prevailing market rate, however. Griffith needs to show that this billing rate is "in line with those prevailing in the community for similar services." *Id.* Without such evidence, the court cannot assess the reasonableness of the attorneys' fees requested by Skadden. *See id.*[2]

---

[2] For example, as pointed out by Robert M. Bruskin of the Washington Lawyers' Committee in his affidavit, courts in this district regularly use the rates established in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983) ("*Laffey* Matrix"), as updated by the Consumer Price Index. The rates established by the *Laffey* Matrix are commensurate with the number of years that have passed since an attorney has graduated law school. Skadden has not provided any evidence regarding the experience of the attorneys who worked on this case.

Furthermore, the evidence submitted by the Washington Lawyers' Committee is also insufficient. Robert Bruskin, who submitted an affidavit on behalf of the Washington Lawyers' Committee, states that the fees he has requested are derived from the *Laffey* Matrix, as updated by the Consumer Price Index. Bruskin has not, however, provided the court with a copy of the Consumer Price Index. Thus, the court cannot verify the accuracy of the fees requested by Bruskin.

Accordingly, it is this 11th day of August 2008, hereby

**ORDERED** that Griffith's motion for attorneys' fees [#60] will be held in abeyance until Griffith provides further evidence whereby this court can assess the reasonableness of the fees requested; and it is further

**ORDERED** that any further submission shall be filed no later than September 2, 2008.

Henry H. Kennedy, Jr.
United States District Judge